UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CANDIDO TORRES

V.

PRISONER
CASE NO. 3:02CV1810 (AVC) (JGM)

JACK TOKARZ, ET AL.

## RULING AND ORDER

Pending before the court are the plaintiff's motions to have Attorney Strom removed from the case, for a pretrial settlement and for appointment of counsel.

I.   "Motion to Have Defendants' Attorney Steven Strom Removed From Representing the Defendants in This Action" [doc. # 29]

The plaintiff seek to have the court remove defendants' counsel because counsel may be called as a witness at trial. Local Rule 83.13(b), D. Conn. L. Civ. R. provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or she or a lawyer in the same firm may be called as a witness other than on behalf of his or her client, the lawyer may continue representation until it is apparent that his or her testimony is or may be prejudicial to the client.

D. Conn. L. Civ. R. 83.13(b)2.

This rule does not require an attorney to discontinue representation if he or she may be called by an opposing party or opposing counsel as a witness. Accordingly, the plaintiff's motion is denied.

II.  Motion for PreTrial Settlement Conference [doc. # 27]

The plaintiff seeks a pretrial settlement conference. Counsel for the defendants has represented to the court that a conference would not be beneficial at this time. Thus, the plaintiff's motion is denied without prejudice to renewal at a later stage of this litigation.

III.     Motion for Appointment of Counsel [doc. # 23]

The plaintiff is seeking an appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff has made sufficient attempts to obtain the assistance of counsel with respect to this case. He also states that he contacted the Inmates' Legal Assistance Program, but the attorneys refused to assist him. He does not attach a letter from the Program or indicate why the attorneys allegedly refused to assist him. Thus, the court concludes that the plaintiff has failed to demonstrate that he is unable to secure legal assistance on his own.

Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice. Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain legal assistance from the Inmates' Legal Assistance Program. The summary of attempts to obtain legal assistance should include the reasons why assistance was unavailable and any letters received from the Inmates' Legal Assistance Program declining assistance.

## Conclusion

"Motion to Have Defendants' Attorney Steven Strom Removed From Representing the Defendants in This Action" [doc. # 29] is DENIED. The Motion for Pretrial Settlement Conference [doc. # 27] and Motion for Appointment of Counsel [doc. # 23] are DENIED without prejudice.

SO ORDERED this 14th day of Oct., 2003, at New Haven, Connecticut.

Joan G. Margolis
United States Magistrate Judge

2