UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 DEC -2 P 1:18

US DISTRICT COURT
HARTFORD CT

CANDIDO TORRES

PRISONER

V.                              CASE NO. 3:02CV1810 (AVC)

JACK TOKARZ, et al.

## RULING AND ORDER

The plaintiff, currently an inmate at the Cheshire Correctional Institution in Cheshire, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. On November 17, 2003, the plaintiff filed an amended complaint in this action. The plaintiff alleges that he is a practitioner of the Santeria religion. Since February 2002, he has made a number of requests to purchase beads used for prayer and protection and to have a small shrine inside his cell. He claims that defendants Tokarz, Rodriquez, Gale and Bruno have denied his requests. He alleges that he is unable to practice his religion without the beads and the shrine.

The plaintiff alleges that in July 2002, he wrote to Assistant Attorney General Strom, who represents the other defendants in a state habeas petition involving the same claims as the present action, about the beads and the shrine. The plaintiff alleges that Attorney Strom did not respond to this letter and failed to take any action to ensure that his clients provided him with religious beads. The plaintiff seeks

injunctive relief and monetary damages.

For the reasons set forth below, the amended complaint is dismissed as to defendant Strom. The case shall proceed as to defendants Tokarz, Bruno, Gale and Rodriguez.

The plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The court construes pro se complaints liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, "when an in forma pauperis plaintiff raises a cognizable claim, his complaint

may not be dismissed <u>sua sponte</u> for frivolousness under § 1915(e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" <u>Livingston</u>, 141 F.3d at 437 (quoting <u>Benitez</u>, 907 F.2d at 1295). The court exercises caution in dismissing a case under § 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See <u>Neitzke v. Williams</u>, 490 U.S. 319, 329 (1989).

In order to state a claim for relief under § 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. See <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 930 (1982); <u>Washington v. James</u>, 782 F.2d 1134, 1138 (2d Cir. 1986).

The plaintiff's complaint filed in this action included the same allegations against Assistant Attorney General Strom. Thus, in the amended complaint, the plaintiff is again claiming that Attorney Strom should be held liable for the conduct of his clients regarding their decision not to permit him to possess religious beads or to have a shrine in his cell. On November 7, 2002, the court ruled that Assistant Attorney General Strom had no supervisory authority over the conduct of the other individuals named as defendants and could not be held liable for their actions under the theory of respondeat superior. The court

dismissed all claims against Assistant Attorney General Strom pursuant to 28 U.S.C. 1915(e)(2)(B)(i). Because the allegations in the amended complaint are identical to the allegations in the complaint, the court again dismisses all claims against Assistant Attorney General Strom for the reasons set forth in the court's November 7, 2002 Ruling and Order [doc. # 4].

## Conclusion

All claims set forth in the amended complaint against Assistant Attorney General Steven Strom are DISMISSED. See 28 U.S.C. § 1915(e)(2)(B)(i). It is certified that any appeal in forma pauperis from this order would not be taken in good faith because such an appeal would be frivolous. See 28 U.S.C. § 1915(a).

SO ORDERED.

Dated this 2ND day of DEC 2003, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge